WARD v. COMPTON. (No. 7520.)

(Court of Civil Appeals of Texas. Galveston. March 6, 1918.)

1. APPEAL AND ERROR ⟪⟫770(2)—BRIEFS — MOTION TO STRIKE.

A motion to strike out appellant's brief and assignments of error on the ground that they do not comply with the rules, and were filed too late to afford reasonable time to properly reply, will be overruled, where appellee has filed a comprehensive answering brief.

2. INSANE PERSONS ⟪⟫33(1)—APPOINTMENT OF GUARDIAN—PROCEDURE.

Unless a person has been determined to be of unsound mind by a verdict of a jury, as prescribed in Vernon's Sayles' Ann. Civ. St. 1914, arts. 4238–4243, 4245, appointment of a guardian is absolutely void.

3. INSANE PERSONS ⟪⟫33(2)—REVERSAL —INTERESTS OF PARTIES.

Where guardian has been appointed for insane person without a verdict of a jury declaring such person insane, as prescribed by Vernon's Sayles' Ann. Civ. St. 1914, arts. 4238–4243, the appellate court cannot allow it to stand, although such appointment is for the best interests of all concerned, and although reversal puts the parties to the expense of an entire new proceeding.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Separate applications by Mrs. Bettie C. Ward and Eugene Compton, praying to be appointed guardian of the person and estate of Mrs. Matilda Compton. From a judgment appointing Eugene Compton as guardian, Mrs. Ward appeals. Reversed and remanded, with instructions.

Lewis Fisher, of Galveston, for appellant. James B. & Charles J. Stubbs, of Galveston, for appellee.

GRAVES, J. On April 4, 1916, Mrs. Bettie C. Ward, appellant, and Eugene Compton, appellee, brother and sister, separately filed their respective petitions in the county court of Galveston county, Tex., praying for letters of guardianship of the person and estate of their mother, Mrs. Matilda Compton, who was alleged by both petitions to be a person of unsound mind. There had been no prior determination by a jury that she was of unsound mind, as required by articles 4238 to 4242, inclusive, of chapter 16, title 64, Vernon's Sayles' Statutes. On the same day the applications were filed the county judge appointed a receiver to take charge of the estate, and afterwards on October 9,

1916, granted letters of guardianship upon the person of Mrs. Compton to appellee, but denied the application of appellant in toto; both litigants appealed from that judgment of the county court to the district court for the Tenth district.

Upon the trial of this appeal in the district court, an agreement was made in open court between the parties, which was subsequently entered in the court's decree, as follows:

"On this the 19th day of January, A. D. 1917, came on to be heard the application of Eugene Compton and Mrs. Bettie C. Ward, each filed in the county court of Galveston county April 4, 1916, each to be appointed guardian of the person and estate of Matilda Compton, non compos mentis, and each contesting the application of the other, being in this court on appeal from the county court of Galveston county, Tex., and said cause having been called for trial upon a regular setting thereof, and the said appellant Eugene Compton being present and represented by counsel, and the said Mrs. Bettie C. Ward being present and represented by counsel, both parties announced ready for trial, and both parties hereto, Eugene Compton and Mrs. Bettie C. Ward, by their counsel having agreed and so announced to the court that the said Matilda Compton is an insane person and that there is a necessity for an administration upon her estate and that her estate is of the probable value of $20,000, and each appellant is duly qualified to be appointed as said guardian, and that the only controversy in this court is as to which of the applicants shall be appointed guardian of the person and estate of Matilda Compton, non compos mentis," etc.

Thereupon, and after receiving much evidence, both as to Mrs. Compton's mental condition and concerning the relative merits of the two opposing claims for such letters, the question as to which of the applicants should be granted letters was submitted by the court to a jury, and upon the return of a verdict awarding guardianship of both the person and estate of Mrs. Compton to appellee, judgment was so entered, from which Mrs. Ward appeals to this court.

[1] The appellee has filed a motion to strike out appellant's brief and assignments of error, charging that they do not comply with the rules, and were filed too late to afford him reasonable opportunity to properly reply; but he has filed a comprehensive answering brief, and we accordingly overrule the motion to strike out that of appellant. Moreover, in the view we take of the case, it is deemed unnecessary to determine whether appellant's assignments meet the particular requirements of the rules, because they at least point out what we regard as fundamental error in the rendition of the judgment complained of, and that requires our consideration, without reference to the sufficiency of the assignments in other respects.

[2] That error thus made to appear from this record is the appointment through the processes of the district court of a guardian of the person and estate of Mrs. Compton upon the assumption that she was a person of unsound mind, without her status as such

having been first determined in the only way it could be legally done, that is, upon a jury's verdict as prescribed in article 4243 and preceding articles in chapter 16, title 64, Vernon's Sayles' Statutes, supra. As already stated, it affirmatively appears that this had never been done, and the district court, in submitting the sole question to the jury as to whether the one or the other of the applicants therefor should be awarded the guardianship sought, assumed that Mrs. Compton was of unsound mind, either upon the strength of the evidence adduced before it in that trial touching her mental condition, or by virtue of the above-quoted agreement of the litigants to that effect, or partly upon both; but we think it had no such authority.

The recited procedure to secure guardianship in this instance seems to have been taken under chapter 3 of title 64, articles 4061 to 4067, inclusive, Vernon's Sayles' Statutes, governing the appointment of guardians for minors; we do not think that procedure applicable to guardianship in cases of persons of unsound mind until adjudication of the existence of that condition by a jury's verdict; it is true article 4245 recites:

"All the provisions of this title relating to the guardianship of the persons and estates of minors shall apply to the guardianship of the persons and estates of persons of unsound mind and habitual drunkards, in so far as the same are applicable and not inconsistent with any provision of this chapter."

As above indicated this quoted article is a part of chapter 16 of title 64, which specially relates to guardianship of persons of unsound mind and habitual drunkards, and by its articles 4238 to 4243, inclusive, through the particular procedure therein detailed, makes it necessary that a jury first say whether or not a person is of unsound mind before a guardian of such a one can be appointed; in other words, there being no other way provided, so far as we are advised, for determining that matter, a jury trial for the purpose may not be dispensed with; then, after a jury has found that condition of mind to exist, the court is required to proceed immediately, and without further notice, to appoint a guardian of such person in the same manner as in case of a minor. R. S. art. 4243. Then it is, and not till then, we think, that the provisions of chapter 3, relating to guardianship of minors, become applicable and may be invoked in the selection of guardians for persons thus previously found by a jury's verdict to be of unsound mind. Since this indispensable action was not taken in the case at bar, the judgment appointing a guardian without it cannot stand.

[3] Distinguished counsel for appellee suggest that, under the evidence offered in the district court, the selection of the son was properly made there as being for the best interest of the mother and her estate, and

should not be disturbed upon appeal because of some mere informality in the proceedings; that this would require a new beginning in the county court, with consequent delay and expense, in order to bring the same question back again to this court for final determination. As a practical question, it may be freely conceded that such would be the effect of the district court's judgment; but an appellate court may not hold a complete omission to have the mental condition of a person suspected of being non compos determined in the only way the law provides and an attempted agreement between rival applicants for guardianship of such person's estate substituted therefor a mere informality in the rendition of a judgment; rather does such error lie at the very base and foundation of the proceeding, and necessarily affect the validity of the judgment. Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85. In other words, control of the property of a person of unsound mind cannot in effect be secured by any such agreement, but only through observance of the plain requirements of the law; it is, moreover, the obvious duty of an appellate court to unhesitatingly declare the law as it finds it to be, regardless of whether or not delay or expense may be entailed in individual instances.

Having concluded that the county court's appointment of a guardian of Mrs. Compton's person was void because made without prior determination of her mental condition in the manner required by R. S. art. 4238 to 4242, inclusive, and that the district court's judgment on the appeal therefrom to it was also unauthorized and void for the same reason, the latter judgment will be reversed, with instructions to the district court to dismiss that appeal, in order that the county court may then proceed to appoint a guardian in the regular and legal manner.

Reversed and remanded, with instructions.