**GENZER v. FILLIP et al.**
No. 8849.

Court of Civil Appeals of Texas.   Austin.

Nov. 22, 1939.

Rehearing Denied Dec. 20, 1939.

C. C. Jopling, of LaGrange, for appellant.

George L. Kroll, of LaGrange, for appellees.

BAUGH, Justice.

This case arose as follows: On November 6, 1915, one Adamcik filed his affidavit with the County Clerk of Fayette County that Willie Kadlecek was a lunatic or non compos mentis, and asked that he be restrained. The County Judge thereupon ordered that he be arrested and brought before the court; and appointed a commission composed of four physicians and two laymen to determine the facts. This commission made its report finding Kadlecek to be of unsound mind; the court, based upon this report, adjudged him to be a lunatic, and appointed J. V. Dobrava guardian of his person and estate. These proceedings all took place on November 6, 1915. Dobrava thereafter filed his oath and bond and filed his report showing the property of Kadlecek coming into his possession as guardian.

In May, 1927, Dobrava made application to resign as such guardian, his resignation was accepted by the County Judge, Theo. W. Lueders, and Adolph A. Fillip was on July 12, 1927, appointed guardian of the person and estate of Kadlecek. Fillip took the statutory oath, made bond with Frank Antos and Emil Kossa as sureties, which was approved by Lueders, County Judge, and filed his report, in lieu of an inventory, showing receipt by him, among other things, from Dobrava, of $966.09 in cash belonging to the estate of Kadlecek. Lueders was County Judge of Fayette County from January 1, 1925, to December 31, 1932. No further proceedings were had in said guardianship until January 31, 1938, when the then County Judge cited Fillip to appear, give an accounting of his guardianship, and file a new bond. Thereupon, Fillip filed a sworn report showing that Kadlecek was his brother-in-law; that his ward had been living with him for a period of 26 years; had been furnished by Fillip during that period with food, clothing, shelter, and other necessities; that he had, prior to July 12, 1932, used, without application to or order from the court, all of the $966.09 belonging to the ward for that purpose; and consequently had no funds of his ward left. This report was by the court disapproved, Ray Genzer, also a brother-in-law of Kadlecek, appointed guardian of the person and estate of Kadlecek, and Fillip removed and ordered to pay over to Genzer the $966.09 received by him as guardian in 1927; and in case he failed or refused to do so, Genzer was ordered to proceed as provided by law to recover same.

Genzer, as such guardian, thereupon filed two suits: One against Fillip and his bondsmen, Antos and Kossa, for loss of the ward's funds; and the other against Lueders, former County Judge, and the Hartford Accident & Indemnity Company, surety on his official bond, asserting liability against them under the provisions of Art. 4141, R.C.S.1925, on the ground of negligence of the County Judge in not complying with the provisions of that Article of the statute. These two suits were consolidated and the parties ordered to replead. It is not necessary to state all the pleadings here. Among other things, Lueders and his surety answered that the original proceedings in 1915, wherein Kadlecek was adjudged to be of unsound mind, were void, because the law under which they were had was subsequently held to be unconstitutional by the Supreme Court of Texas; that consequently all subsequent appointments of guardians were void for the reason that Kadlecek had never been legally adjudged to be insane; that Genzer consequently had no authority to sue as guardian; and that no legal liability could be fixed against the County Judge because said proceedings were void.

Genzer thereupon intervened as next friend of Kadlecek and sought recovery, among other things, against Fillip and his sureties, Antos and Kossa, on his guardian's bond filed in 1927, as a common law obligation. Trial was to the court without a jury. The trial court denied Genzer any recovery in his capacity as guardian; denied him recovery as next friend of Kadlecek against Lueders and the Hartford Accident & Indemnity Company; but awarded judgment for Genzer, as next friend of Kadlecek, against Fillip and his bondsmen for $1821; and in favor of Antos and Kossa over against Fillip for whatever they might be compelled to pay out on the judgment. From this judgment Genzer in his capacity as guardian only has appealed.

The first question presented is whether the decree of the County Court entered in 1915 adjudging Kadlecek to be a non compos mentis and appointing a guardian of his estate is utterly void; or merely voidable and as such not subject to collateral attack. The appellant's contention in this regard is that since the County Court is by Art. V, Sec. 16, of the Constitution

of Texas, Vernon's Ann.St., given jurisdiction over minors, insane persons, etc.; which jurisdiction is effectuated by the various provisions of what, under the 1925 R.C.S., is Title 69, Vernon's Ann.Civ.St. art. 4102 et seq.; and since that jurisdiction was duly invoked in 1915 by the filing of the statutory affidavit, the arrest of Kadlecek, and bringing him before the court in person; every presumption should be indulged in favor of the validity of the orders made as against a collateral attack. Also that the record of the 1915 proceedings does not affirmatively show them to be void.

■ The defenses urged by the defendants in the District Court constituted a collateral attack on the validity of the guardianship proceedings. Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447, 459; See also 21 Tex.Jur., p. 214, § 9. We have concluded, however, that the original appointment of Dobrava in 1915 was void. This for the reason that the record affirmatively shows that Kadlecek was never legally adjudicated a non compos mentis. The decree of November 6, 1915, adjudging Kadlecek to be a non compos mentis affirmatively shows that it was not an adjudication based upon the findings of a jury; nor one based upon evidence heard by the court without a jury after notice served upon Kadlecek; but was predicated upon, and dependent upon, the findings and report of a commission appointed under an unconstitutional law to ascertain the facts as to Kadlecek's mental condition. The law then sought to be complied with was held unconstitutional by the Supreme Court in White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A.1918A, 339. Under the holdings of the Supreme Court in Bearden v. Texas Co., 60 S.W.2d 1031, the Probate Court has the power, without a jury trial, to adjudge a person insane. But this holding must, we think, necessarily mean or imply that such adjudication be based upon a judicial hearing had for that purpose wherein evidence is adduced. An adjudication essentially implies a hearing by the court, after notice, of legal evidence on the factual issue involved. No such hearing was had in the November 6, 1915, proceeding, and the record in that proceeding affirmatively so shows.

In a comprehensive and well considered opinion, Judge Randolph, in Warrick v. Moore County, Tex.Civ.App., 291 S.W. 950, 955, in discussing this question used the following language: "The question as to whether a party is of unsound mind is a jurisdictional fact, to be ascertained before such guardian can be appointed, and the order appointing such guardian is based solely upon the ascertained fact of unsoundness of mind. Hence the finding as to the unsoundness of mind is as much a part of the probate proceedings as the order of appointment."

This holding was quoted by the Commission of Appeals on the issue of jurisdiction in Pure Oil Co. v. Clark, 56 S.W.2d 853.

While the case of Damron v. Rankin, Tex.Civ.App., 34 S.W.2d 360, 363, involved a direct attack upon the validity of the appointment of a guardian without a trial on the sanity issue, the Eastland Court of Civil Appeals held the proceeding invalid, stating that "if it be legal to proceed to trial on the issues in such a case without a jury, the minimum prerequisite to the appointment of a guardian of the person and estate of one of unsound mind would be a judicial ascertainment of the existence of that state of mind by the court at a regular term after the person charged had been served with proper personal notice of the proceeding. * * * Greenwood v. Furr, Tex.Civ.App., 251 S.W. 332; Ward v. Compton, Tex.Civ.App., 203 S.W. 129; Warrick v. Moore County, Tex.Civ. App., 291 S.W. 950."

■ The decisions of the courts of the several states are not harmonious on the question of whether a judgment predicated upon an unconstitutional law rendered before such law is so declared by the Supreme Court of the state is utterly void or merely voidable and not subject to collateral attack. See Annotation in 36 A. L.R. 492; 16 C.J.S., Constitutional Law, p. 290, § 101c. The general rule supported by numerous cited cases is stated in 11 Am. Jur., § 148, p. 827, as follows:

"The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted. * * *

"Since an unconstitutional statute is void, the general principles follow that it imposes no duties, confers no rights, cre-

ates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it." See also 9 Tex.Jur. § 51, p. 467.

In Barton v. State, 89 Tex.Cr.R. 387, 230 S.W. 989, 991, wherein the accused urged as a defense against the felony for which he was indicted that he had been adjudged insane under the provisions of the 1913 act, Acts 33d Leg., c. 163, here involved, the Court of Criminal Appeals stated: "The judgment of lunacy upon which the appellant relies, being void because the law under which it was rendered was contrary to the Constitution of the state, was without force as a judgment."

We conclude, therefore, that the purported judgment of the Probate Court of November 6, 1915, which is the only judgment on Kadlecek's sanity, was void, and not merely voidable; and that with it must fall the appointment of a guardian of his estate.

Appellant next contends that the Legislature in 1921 having passed an act providing that "All appointments of guardians under the present law without a jury are hereby validated" (Acts 1921, 37th Leg., Ch. 11, Sec. 1), the purported adjudication by the Probate Court of November 6, 1915, was rendered valid. This contention is not sustained for several reasons, the most obvious of which are; first, that the 1913 Act which had been held unconstitutional was not the "present law" in 1921; and, second, because the Legislature could not validate an unconstitutional act nor vitalize a void judgment by a subsequent enactment. Globe Indemnity Co. v. Barnes, Tex.Civ.App., 288 S.W. 121; Engelman v. Anderson, Tex.Civ.App., 244 S.W. 650; 39 Tex.Jur., § 19, p. 41.

The next contention of appellant is that because Lueders as County Judge appointed Fillip as guardian of the person and estate of Kadlecek, assuming that the adjudication of unsoundness of mind in 1915 was valid, he is equitably estopped to deny the validity of his orders and liable for the consequences of his failure to comply with the provisions of Art. 4141 and failure to protect the estate of said ward.

It is unnecessary for us to here discuss all of the elements of equitable estoppel. They are basically discussed as applying to varying situations in 17 Tex. Jur., pp. 127 to 147. Nor is it necessary for us to determine in what cases, if any,

a public official may be estopped to deny the validity of one of his official acts which was predicated on a former void proceeding. Suffice it to say that the party against whom estoppel is asserted must be guilty of some act, omission, silence or course of conduct, which has resulted in injury to the complaining party. The only dereliction charged against Lueders was his neglect to discharge the duties required of him by Art. 4141. We do not understand that the failure to comply with this statute, though the duty to do so was held to be mandatory in Heyn v. Mass. Bonding & Ins. Co., Tex.Civ.App., 110 S.W.2d 261, 267, makes the county judge absolutely liable on his official bond for the amount of the ward's estate. The statute itself fixes liability in case "damage or loss result to the estate of any ward through the negligence of such county judge to perform such duties"; and fixes that liability "in an amount equal to the loss due to such negligence."

And if it be assumed that this statute be held to apply in the instant case, and that Lueders had neglected to comply with it, it is perfectly clear we think that it was incumbent upon Genzer whether as guardian or next friend of Kadlecek, to show that loss resulted to the estate of Kadlecek from such negligence. While it is true that in 1938 Fillip showed that he then had on hand no moneys belonging to the estate of Kadlecek, though $966.09 of his ward's money had been turned over to him in 1927, he also showed under oath, which was neither denied nor controverted, that his ward was more than 50 years of age; that he had furnished a home, food, clothing, and other necessities and had cared for him as if a member of his own family for a period of 26 years; and that the funds so received by him had been used by him for that purpose upon the advice of his counsel and of the County Judge. If, therefore, the ward's funds were spent for his own use and benefit, even though not spent in the manner prescribed by law, he cannot in equity, whether through guardian or next friend, be heard to say that his estate has been damaged in the amount so spent for his benefit. As held in McEwin v. Luker, Tex. Civ.App., 81 S.W.2d 137, to render a county judge liable in such case, it is necessary to show not only negligence on his part, but that a loss resulted to the estate of the

ward as the proximate result of such negligence.

It is true that the court rendered judgment in favor of Genzer as next friend of Kadlecek against Fillip and his bondsmen; but they have not appealed from this judgment against them and are not here complaining of it. No liability being shown against Lueders as County Judge, the trial court's judgment is affirmed.

Affirmed.