## R. H. SMITH ET AL. v. D. R. WINGATE.

### (Case No. 1754.)

1. OFFICIAL BOND.— A bond executed by the county treasurer, conditioned as required by law, which is made payable to the individual occupying the position of county judge, but which fails to designate his official character, constitutes a substantial compliance with the statute requiring an official bond, if it appears to have been examined and approved in open court, certified to by the county judge, and was properly filed and indorsed by the county clerk.

2. PARTIES — STATUTE CONSTRUED.— A suit on such a bond, brought in the name of the obligee for the use of the county, is, in effect, a compliance with art. 1200, R. S., which requires suits by a county to be brought in its corporate name, the county being the real plaintiff.

3. ACTION — ABATEMENT.— It is not necessary, in a suit brought for the use of a county, that the petition should show on its face that the county had authorized it. Such an objection can be taken only by plea in abatement.

APPEAL from Orange. Tried below before the Hon. W. H. Ford.

Appellee, as county judge of Orange county, and for the use of the county, brought this suit in the district court, September 12, 1882, against W. E. Reed, late county treasurer of said county, and appellants as sureties on his official bond, to recover $835.77 and interest, for which amount it was alleged the treasurer had defaulted. The bond was copied in the petition; it was duly executed, and was conditioned and payable as prescribed by the statute, except that it was payable to appellee without the addition of " county judge of Orange county." It was properly filed and recorded by the clerk, and indorsed, " examined and approved in open court May 29, 1880, D. R. Wingate, county judge." Appellee alleged that he was county judge at the time the bond was executed and was still county judge; that the bond was duly approved by the commissioners' court of Orange county as the official bond of the treasurer, and it was intended by the obligors to be payable to appellee in his official capacity and was so accepted from the treasurer, etc. A breach of the bond was fully alleged, the petition giving items, dates and amounts, and charging an appropriation of the amount sued for by the treasurer to his own use, and fully setting up the legal liability of the defendants for the sum and interest sued for.

*Wm. Chambers*, for appellants, cited: R. S., art. 988; id., title XXXI, chs. 1 and 2, art. 988; Lawton v. State, 5 Tex., 270; Mays v. Lewis, 4 Tex., 1; Johnson v. Erskine, 9 Tex., 1.

*W. J. Wingate* and *Denson & Burnett*, for appellee, cited: R. S., art. 1096; Rose *v.* Winn, 51 Tex., 545 and cases cited; Jones *v.* Hays, 27 Tex., 1; Marshall *v.* Bailey, 27 Tex., 687; Wimbish *v.* Holt, 26 Tex., 673; Rider *v.* Duval, 28 Tex., 623; Zachary *v.* Gregory, 32 Tex., 452; Coles *v.* Perry, 7 Tex., 171; Aulanier *v.* The Governor, 1 Tex., 666.

Willie, Chief Justice.— The court below did not err in overruling the general and special exceptions to plaintiff's petition. It would have been a more technical compliance with the statute in preparing the bond to have added to the name of D. R. Wingate his official designation. Still the bond is payable to the person holding the office of county judge, and was examined and approved in open court as required by law, which fact was certified to by D. R. Wingate himself, as county judge, he holding that office at the time, and the bond was properly filed and indorsed by the clerk of the county court. All of these facts taken together constituted a substantial compliance with the statute, and impressed upon the instrument the character of an official bond. They rendered it as certain that the bond was payable to the county judge as if the fact had been stated in the body of the instrument itself in so many words.

The statute requires that all suits by and against a county shall be in its corporate name. R. S., 1200.

This suit was brought in the name of the obligee of the bond for the use of the county of Orange, the beneficiary of the instrument. This was in effect bringing the action in the corporate name of the county; for it has often been held by this court that when suit is brought by one person for the use of another, the latter is the real plaintiff, and the former, who is only nominally a party, may withdraw from the suit, and it can be conducted and carried on by the person for whose use it was originally brought, and no new party is thereby made. Martel *v.* Somers, 26 Tex., 551; Price *v.* Wiley, 19 Tex., 142.

Whatever judgment might be recovered by Wingate in the present suit would inure to the benefit of the county, and the defendant could not object that the county did not make itself a party in a different manner. It would have derived no more benefit from such a manner of bringing the suit than from the course it pursued in having the suit brought nominally by the party to whom the bond is required to be made payable for the use of the county.

This disposes of the objection that Reed was not shown to have

been *de jure* treasurer of the county. That objection rests upon the supposition that the bond was not a legal one, and falls with our ruling that it was not in substantial compliance with law.

As to the other ground, we know of no rule requiring that the petition in cases like the present should show on its face that the county had authorized the suit to be brought. The presumptions are in favor of the authority being rightly exercised when the proper officer is in charge of the suit, and it was alleged that Wingate was still county judge at the date of bringing the suit. Moreover, it has always been held by this court that such an objection must be taken by plea in abatement. It cannot avail upon demurrer, where, as in this case, the want of authority does not appear affirmatively on the face of petition. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 5, 1884.]