### HOME BENEFIT ASS'N v. ROBBINS.
### No. 976.

Court of Civil Appeals of Texas. Waco.
Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

See, also, 33 S.W.(2d) 197.

Oltorf & Oltorf, of Marlin, and Lewis M. Seay, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

### STANFORD, J.

Appellee, Daniel F. Robbins, by W. P. Robbins, his father and next friend, filed this suit against appellant to recover upon a membership certificate providing a benefit of $1,500 should said member through accident become totally and permanently disabled, and provided that said certificate shall have been in force for a period of one year prior to sustaining said accident. Appellee alleged that he suffered an accident in Limestone county, Tex., and as a result of such accident he became totally and permanently disabled. Appellant filed a plea of privilege to be sued in Falls county, Tex., which, being overruled, the case went to trial on its merits before the court, resulting in a judgment in favor of appellee for $1,500. Appellant has duly appealed and presents the record here for review.

Under its first proposition appellant contends, in effect, that, where a suit is based upon a written contract of accident insurance, attached to, and made a part of the petition, which provides that such accident benefit shall not be payable unless the policy has been in force for one year prior to said accident, the date of said accident not being alleged, such petition is insufficient as against a special exception. The written contract, which was attached to plaintiff's petition and made a part thereof, with reference to accident disability benefits, is as follows:

"Should any member in this class through accident become totally and permanently disabled from engaging in any gainful occupation, or from performing any work, or from conducting any business for compensation or profit prior to attaining the age of sixty years, the Home Benefit Association agrees to pay to the member named herein the sum of one dollar collected from each member in good standing in this class, said amount not to exceed $1500.00; provided that said member claiming said disability benefit shall have been totally disabled and continue to be totally disabled for a period of ninety (90) consecutive days, and that this certificate shall

have been in force for a period of one (1) year prior to sustaining said accident."

As above stated, appellee attached a copy of said certificate to his petition and made same a part thereof, and alleged, "That one of the provisions is that if plaintiff became totally and permanently disabled after the certificate had been in force one year that defendant was obligated and bound to pay plaintiff the sum of $1,500.00, that plaintiff had become totally and permanently disabled through accident, and that all the contingencies, events and happenings stipulated in said certificate have transpired and occurred and that said certificate, by reason thereof, has matured and is a valid and binding obligation upon the defendant to pay plaintiff the sum of $1,500.00." We do not think it was necessary for appellee to allege the exact date on which the injury resulting in total disability occurred, as it is alleged that it occurred after the certificate had been in force for one year. Appellant's first proposition is overruled.

Under its second, third, and fourth propositions, appellant contends, in effect that, to maintain a cause of action by a next friend, the burden is upon the party so suing to show mental incapacity of the beneficiary plaintiff to maintain the action, and that the proof of mental incapacity in suits brought by next friend is jurisdictional. Article 1994, Revised Statutes, provides minors, lunatics, idiots, or non compos mentis who have no legal guardian may sue and be represented by "next friend." This statute evidently was enacted for the benefit of the class of persons named, and was not intended to restrict the rights of others, who, though not within said class, yet by reason of mental or bodily infirmity are incapable of caring for their interests in the litigation. Lindly v. Lindly, 102 Tex. 135, 113 S. W. 750, 752; Holland v. Riggs, 53 Tex. Civ. App. 367, 116 S. W. 167 (writ refused). It is further generally true that, in actions brought by a next friend, the person for whom the action is brought is the only one who may complain. The appellant in this case has no right to complain of the suit being brought and prosecuted by next friend. Lindly v. Lindly, supra. The question involved is not one of sanity or insanity. The only question involved in such cases is, Is the mental or physical condition of appellee impaired, and has he consented to the next friend acting for him in the prosecution of such suit? And, in the absence of evidence to the contrary, such consent will be presumed. The record shows no complaint by any one to the suit having been brought by appellee's father as next friend. If appellant had any right to raise this question at all, it certainly could not do so for the first time on appeal, as is here attempted. These propositions are overruled.

Under its fifth proposition appellant contends, in effect, that the undisputed evidence shows that the certificate had not been in force for one year prior to the date of the accidental injury, and therefore appellee as a matter of law was not entitled to recover. The membership certificate provides for the payment to the holder of $1,500.00 upon his becoming totally and permanently disabled, "provided that said member claiming said disability benefit shall have been totally disabled and continued to be totally disabled for a period of ninety (90) consecutive days, and that this certificate shall have been in force for a period of one (1) year prior to sustaining said accident." The evidence is sufficient to show that appellee was totally disabled, and that such disability continued for a period of ninety consecutive days, but does the record show that at the time of the injury the certificate had been in force for a period of one year prior to the sustaining of the accident? The certificate sued on was issued and became effective September 30, 1926. There is conflict in the evidence as to the date when the injury occurred; appellee contending it occurred September 29, 1927, and appellant contending it occurred at an earlier date. We think the evidence is sufficient to show the injury to appellee occurred on September 29, 1927, and so on said date said certificate had been in force for one year, if we include the day of the injury; but, to authorize a recovery under the contract, the policy must have been in force for one year prior to sustaining the injury. Such language infers the passage of the entire year, and such year did not expire until midnight September 29, 1927. From September 30, 1926, to September 29, 1927, including both dates, is exactly one calendar year. From the express provision of the policy, to wit, "that this certificate shall have been in force for a period of one (1) year prior to sustaining said accident," it is clear assured was not protected against an accident that occurred on the last day of said policy year. His protection could not begin until an entire year had elapsed, or, as applied to this case, not until September 30, 1927.

We are aware of the general rule that, in computing time, either the day on which the period begins or the day on which it expires, must be included and the other excluded, as it is improper to include or exclude both, but, of course, neither this nor any other rule of computation controls where the provisions of the contract are clear and explicit as to time or the computation thereof. For full discussion of computation of time, see 38 Cyc. p. 317, and notes.

The policy not having been in force for a period of one year prior to the injury, appellee was not entitled to recover, and. the as-

serted cause of action having been fully developed, we here reverse and render judgment in favor of appellant.