## MENCZER v. FORT WORTH NAT. BANK.

### No. 14188.

Court of Civil Appeals of Texas.
Fort Worth.

March 7, 1941.

M. Kleberg, of Fort Worth, for appellant.

Geo. C. Kemble, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, the Fort Worth National Bank, brought suit as trustee of the estate of M. R. Sanguinet, deceased, against appellant, S. A. Menczer, on a promissory note in the principal sum of $4,000, executed by appellant and made payable to the order of M. R. Sanguinet.

The petition discloses that the plaintiff below sues in its representative capacity, for the use and benefit of the estate for which it is acting as Trustee; that Sanguinet is dead; that he died testate; that his will was duly probated and that petitioner was nominated as Trustee of the deceased's estate in the will; that after petitioner became such trustee, Menczer entered into an extension agreement with it, whereby the maturity date of the note was changed to April 10, 1938; that Menczer "has defaulted in the payment of said note, and has wholly failed and refused to pay the same or any interest thereon"; and prayed for principal, interest and attorney's fees.

Appellant answered by a general demurrer, general denial, and that the cause of action had "been adjusted and settled".

The cause was tried to a jury, and the trial court peremptorily instructed the jury to return a verdict for the plaintiff.

Defendant, Menczer, has appealed, and the eight assignments of error found in his brief are all bottomed upon the failure of the trial court to sustain his general demurrer.

The right of the plaintiff to sue as trustee of the estate of deceased cannot be successfully raised by a general demurrer, but must be raised, if at all, by a plea in abatement. Vol. 1, Tex.Jur., Sect. 96, page 132; Young et al. v. Meredith, 38 Tex. Civ.App. 59, 85 S.W. 32, writ refused; Callahan v. Hendrix, 79 Tex. 494, 15 S.W. 593; Vol. 14, Tex.Jur., Sect. 527, page 310; Henry v. Rust, Tex.Civ.App., 85 S.W.2d 1084, writ dismissed.

There is no merit in the contention that the petition does not show ownership of the note sued upon. The petition as against the general demurrer is good. Citizens' National Bank of Waco v. Billingsley et al., Tex.Civ.App., 300 S.W. 648, writ refused; Malone v. Craig, 22 Tex. 609.

There is no merit in the contention that the petition does not allege non-performance and a demand for payment.

In the first place, we believe that the averments in the petition are quite sufficient.

There is no statement of facts before us and the petition shows that the suit was brought after the note became due and payable, and the petition specifically alleges that the note "provided for the

waiver of presentment for payment, notice of non-payment, protest and notice thereof".

The appellant knew when his note was due and payable and his contract of extension of time of payment, made for his benefit, stipulates the date on which it matured, and he expressly waived the presentment of the note for payment.

We find no error and the judgment is affirmed.