## EVERSOLE et ux. v. THEIMER.
### No. 12517.

Court of Civil Appeals of Texas. Galveston. March 26, 1953.

928

Hodde & Hodde, A. W. Hodde, Brenham,.for appellants.

Leslie D. Williams, Brenham, and McFarlane & Dillard and C. I. McFarlane, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought in the District Court of Washington County in regular form of trespass to try title by E. M. Peters as next friend of Ben Theimer, for recovery of title and possession of 250.96 acres of land, more or less, described in appellee's pleadings as being partly in the William Munson, Dan Miller and Gibson Kuykendall Surveys in Washington County, Texas, and for damages. He alleged that on January 10, 1950, Ben Theimer was a person of impaired mental condition and that he was without sufficient mental capacity to enter into any contractual relations or to understand the legal effects of his own acts and deeds in caring for his estate. That on that date L. A. Eversole had, as a part of a fraudulent design, represented to Ben Theimer that if he would place the title to the land in controversy in his name, he would pay to Ben Theimer $6,500 in cash and provide a home for him; that Ben Theimer relied upon said repre-

sentations and executed and delivered a conveyance of said land to Eversole, but . that the Eversoles refused to carry out their arrangements made with him in reference to the consideration for said land.

That Ben Theimer on said date had deeded said lands to L. A. Eversole and wife, the deed reciting a consideration of $10 cash and $6,500 evidenced by a vendor's lien note payable to the Slavonic Mutual Fire Insurance Association, and secured by a deed of trust; and that said deed should be set aside and held for naught for the reason that at the time of its execution Ben Theimer was mentally incompetent to understand the nature and legal effect of such instrument and the consideration to be paid therefor; that the appellants named had personal contact with Ben Theimer prior to the execution of the deed and had actual knowledge of such mental incompetency on the part of Ben Theimer and that L. A. Eversole and his wife had set out to overreach and defraud Ben Theimer. That they had represented to him that they would buy his farm for $13,000, paying therefor $6,500 in monthly payments of $100 per month and that they would borrow from the Slavonic Mutual Fire Insurance Association the remaining $6,500. That when the deed was prepared, instead of providing for the $6,500 that was to be paid by them in $100 monthly installments with a lien, no such lien was provided for and that the only payment Ben Theimer had received for said land was $6,321.10 of the $6,500 note provided for in favor of Slavonic Mutual Fire Insurance Association. They alleged in the alternative and plead that Ben Theimer was a person of unsound mind. That L. A. Eversole and wife had promised to find Theimer a wife, and that he was induced to execute said deed by the assurance from Eversole and wife that he would be thoroughly protected in the $13,-000 for his land.

Appellants L. A. Eversole and wife denied plaintiff's allegations and alleged that they had no knowledge of any mental impairment on the part of Ben Theimer and that they had acted in good faith. By cross-action appellants sought judgment as cross-plaintiffs, removing the cloud on their

title to the land in controversy, and for affirmative relief.

In answer to special issues submitted, the jury found that at the time of the execution by Ben Theimer of the deed in question, Ben Theimer did not then have sufficient mental capacity to understand the nature and effect of such deed. They found that on January 9, 1950, L. A. Eversole had notice of the fact that Ben Theimer did not have sufficient mental capacity to understand the nature and effect of such deed. They found that $325 would be a fair, reasonable, annual rental for the land in question. They found that Ben Theimer and the defendants Eversole and wife had agreed that the defendants Eversole and wife were to pay to plaintiff Ben Theimer at the rate of $100 per month the unpaid balance of the purchase price for the property conveyed by said deed over and above the amount of the loan made by the Slavonic Mutual Fire Insurance Association. They found that L. A. Eversole represented to Ben Theimer that it was not necessary to incorporate in the deed any mention of the manner and method of payment of that portion of the purchase consideration over and above the amount advanced by the defendant Slavonic Mutual Fire Insurance Association. That Ben Theimer was induced to execute the deed in question in reliance upon the representations of appellant L. A. Eversole that it was not necessary to incorporate in such deed any mention of the manner and method of payment. They found that L. A. Eversole in good faith, prior to the institution of this suit, had made valuable improvements on said land and that the sum of $650 would compensate him for the money expended by him in making permanent improvements on the land, and that Eversole had paid $189 in taxes on the property for the year 1950–1951.

Judgment was rendered by the trial court that the deed in controversy did not recite the entire purchase consideration for said land and that payment had not been made to Ben Theimer of any part of said portion of the purchase consideration agreed to over and above the amount of $6,321.10 advanced by defendant Slavonic Mutual Fire Insurance Association. That Ben Theimer had acknowledged that he received in cash money, at the time of the execution of said deed, the sum of $6,321 as part of the purchase consideration for said land. The court decreed that precedent to the benefits and relief granted to the plaintiff Ben Theimer that restoration in the sum of $6,321.10 be made by appellee Ben Theimer by payment of said amount into the registry of the court for payment and distribution to the defendants and cross-plaintiff L. A. Eversole and wife in the amount of $1,121.10 and to the defendant and cross-plaintiff Slavonic Mutual Fire Insurance Association the sum of $5,200. The Court found in the order entered that Ben Theimer was without a legal guardian and without cash funds sufficient to make any restoration therein, and that E. M. Peters as next friend of Ben Theimer had advanced from his own funds and tendered into the registry of the court the sum of $6,321.10 for restoration and distibution when this decree became final. That the sum of $6,321.10 having been tendered into the registry of the court by E. M. Peters for the purposes aforesaid, the court decreed and found that repayment of said funds to the said E. M. Peters should be secured by an equitable lien on said land. The court decreed that Ben Theimer have and recover of and from appellants L. A. Eversole and wife the title to and possession of said 250.96 acres of land; and that the deed from plaintiff Ben Theimer to defendants L. A. Eversole and wife be held to be without further force and effect and that the said deed of trust lien recorded as aforesaid should be held to be without further force and effect as a lien on said land and that any cloud cast upon the title to said land by either of said instruments of record be removed and that the title to said lands be divested out of said defendants and vested in plaintiff Ben Theimer. That the sum of $650 representing reasonable rental value of said lands for the years 1950 and 1951 be offset against the sum of $839 (representing the aggregate sum of the value of permanent improvements placed upon said land, and the amount of taxes paid for the years

**930**

1950–1951 by Eversole and wife,) and that said appellants Eversole and wife have and recover judgment against the plaintiff Ben Theimer for the sum of $189. The court decreed that an equitable lien be decreed by the court upon and against said lands in the sum of $6,321.10 to secure repayment of said sum to the said E. M. Peters. The court directed and ordered that a sale of said lands be made at private sale for cash and that the proceeds thereof be paid into the registry of the court and that, after payment of the costs, incurred in the sale of said lands, the clerk of the district court be authorized and directed to make payment to the said E. M. Peters in the sum of $6,321.10. The court named and appointed Ethel Tarver as receiver to take over the sale and disposition of said lands, and that the sale be made by said receiver and that report of such sale be made to the court for confirmation; and that the proceeds of the sale be applied to payment of costs incurred in making such sale and in paying to the said E. M. Peters the sum secured by the equitable lien on said land, and that the balance, if any, be paid and distributed as directed. The court decreed that the attorneys of record, the firm of McFarlane & Dillard, and Leslie D. Williams, the attorneys who represented Ben Theimer, be awarded the sum of $8,000 for legal services rendered and to be rendered, and that Leslie D. Williams be awarded one-third of such sum, and the firm of McFarlane & Dillard be awarded two-thirds of said fee, and the clerk of the court was authorized and directed to pay the same to the said attorneys; all costs or charges incurred in connection with the selling and conveying of said lands were ordered paid from the proceeds received and the clerk of the court was authorized to make payment of said costs and charges from the proceeds received into the registry of the court from each such sale.

Appellants contend that the court erred in submitting to the jury special issue No. 1, which reads: "Do you find from a preponderance of the evidence that on January 9, 1950, to the time of the execution by plaintiff, Ben Theimer, of the deed now in question, the said Ben Theimer did not then have sufficient mental capacity to understand the nature and effect of such deed, and the consequence of his act in executing the same?" They also contend that the court erred in submitting to the jury special issues numbers 7, 8 and 9, in which they were asked to find whether Ben Theimer and defendants L. A. Eversole and wife at any time prior to the execution of said deed on January 9, 1950, agreed that the defendants Eversole and wife were to pay to plaintiff Ben Theimer $100 per month; and special issue number 8, in which they were asked to find whether prior to the execution of said deed, the defendants Eversole represented to the plaintiff Ben Theimer that it was not necessary to incorporate in the deed any mention of the manner and method of payment and in special issue number 9, in which they were asked whether plaintiff, Ben Theimer, was induced to execute the deed now in question in reliance upon the representation of defendant L. A. Eversole that it was not necessary to incorporate in such deed any mention of that portion of the purchase price over and above the amount advanced by the defendant, the Slavonic Mutual Fire Insurance Association, to which issues 7, 8 and 9 the jury answered "Yes."

These contentions cannot, we think, be sustained. The issues complained of are all material and ultimate issues, necessary under the record in this case and were all properly submitted.

Appellants assign error of the trial court in permitting Theimer to deposit with the District Clerk the sum of $6,321.10 since he thereby held such amount to be a full restitution to the defendants. Appellants contend that neither in the pleadings nor in the evidence does the record show that a complaint was ever filed or that Ben Theimer was adjudged of unsound mind. The record does not reveal that an application was ever filed to have a guardian appointed of either the person or estate of Theimer.

Appellants further assign error of the trial court in submitting special issue number 1, in which the jury was asked to find whether at the time of the execution of said deed Ben Theimer had sufficient men-

tal capacity to understand the effect and nature of such deed. They allege that the jury's finding was not sustained by the evidence for the alleged reason that there is no testimony in the record by any physician who ever observed or examined Ben Theimer as to what his mental condition is.

Appellees under counter-point contend that in action to set aside a conveyance of land on the ground that at the time of the execution of the conveyance grantor was of unsound mind and without legal guardian, such person (grantor), as a matter of law, may sue and be represented in such action by a next friend; and, under their second counter-point, they allege that any allegation that a person is of unsound mind and without legal guardian at the time of the execution of a conveyance of land will support an action by next friend to set aside such conveyance without further allegation as to when such person became incompetent.

They contend that the error assigned is not in proper form for consideration by the court, and that Rule 322, Texas Rules of Civil Procedure, provides: "Grounds of objections couched in general terms—as that the court erred in its charge, in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court."

Rule 44, T.R.C.P. provides: "Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by 'next friend' under the following rules: (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required. (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit." Source of above rule is Article 1994, unchanged.

In suits to set aside conveyance to land because of mental incapacity of grantor without legal guardian, it is proper to invoke jurisdiction by next friend, in the name and on behalf of such incompetent. Edwards v. Edwards, 14 Tex.Civ. App. 87, 36 S.W. 1080, holding suits by next friend are proper: Henderson v. Shell Oil Co., Inc., 143 Tex. 142, 182 S.W. 2d 994, holding, in a suit by an incompetent through his next friend, the incompetent is the real party plaintiff. Smith v. Thornhill, Tex.Civ.App., 12 S.W.2d 625, affirmed Tex.Com.App., 25 S.W.2d 597, reversed on another point, Tex.Com.App., 34 S.W.2d 803, holds next friend may prosecute suit in district court for cancellation of instruments executed by incompetent. Constitution, art. 5, Sec. 16, Vernon's Ann. St.

Authorization in behalf of an incompetent by next friend being provided for under the statutes and rules of procedure in this state, as construed in the foregoing authorities, justifies this proceeding instituted in behalf of Ben Theimer as plaintiff, by E. M. Peters as next friend.

This cause went to trial under appellees' second amended original petition, alleging that Ben Theimer is now and has been heretofore at all times material to the matters thereinafter alleged a person of general mental incapacity, unsound mind, etc. They further allege in paragraph 4 that on the date aforesaid, January 9, 1950, appellee Ben Theimer then being without sufficient mental capacity to understand the nature and effect of his acts, conveyed the above lands to the appellants Eversole and wife by deed recorded; and that appellants set about to overreach and defraud Ben Theimer; that appellants gained the confidence of said Ben Theimer by leading him to believe they were interested in his having a home, all of which was deceptively done to induce him to believe that he could rely on their confidence proposing the purchase of said land for the sum of $13,000 in the event a loan for $6,500 could be obtained, secured by a lien upon the land, agreeing to pay an additional sum of $6,500 at the rate of $100 per month and the representation that it was not necessary to mention or incorporate in said deed the method or manner of such

unmentioned portion of the purchase consideration, all of which was done to defraud Ben Theimer of obtaining a conveyance to said land.

Appellees' petition specifically alleges incapacity at the time the execution of conveyance of the lands in question was made by Theimer to appellants Eversole and wife "By reason of such mental incapacity on the part of Ben Theimer and in his behalf, the said E. M. Peters is now appearing in this cause in the capacity of next friend of said Ben Theimer."

In the case of Branton v. Inks, Tex.Civ. App., 149 S.W.2d 667, 672, wherein exception was taken to the sufficiency of the petition, the court held: "However, we do not regard any of the exceptions to the petition as being good, because it alleged that J. M. Inks was of unsound mind at the time he made the three conveyances to appellant; that appellant knew of his condition, and made certain false representations which induced Inks to make the conveyances, and that the conveyances resulted in appellant's obtaining a very substantial advantage; and also alleged specifically the facts as to when and how the trades were made, the value of the various properties, and what became of them."

We have carefully considered all points presented by appellants in their brief, and finding no reversible errors therein, the judgment of the court below must be in all things affirmed.

Affirmed.