McGINNIS et al. v. McGINNIS.

No. 12528.

Court of Civil Appeals of Texas.
San Antonio.

April 22, 1953.

Claud J. Carter, San Antonio, for appellants.

Russell B. Wine, San Antonio, for appellee.

POPE, Justice.

This is an appeal from an order by the district court sustaining a motion for summary judgment upon an appeal from a judgment of a county court declaring a person to be of unsound mind, under the provisions of Chapter 12, Title 69, Guardian and Ward, which chapter relates to Lunatics and Drunkards. Arts. 4267, 4284, Vernon's Ann.Civ.Stats. A preliminary point concerns the power of the county court to enter a judgment nunc pro tunc in such a proceeding.

Lunacy proceedings were commenced against Janie Barr, and on July 23, 1951, a jury found that she was of unsound mind. The verdict was received, and on the same day the entry was made on the probate docket, "July 23rd, 1951, Defendant found to be of unsound mind." The term of court expired, however, without the entry of a written judgment, and on January 30, 1952, a motion was filed for entry of a judgment nunc pro tunc, adjudging Janie Barr of unsound mind. On February 19, 1952, that motion was granted over appellant's protest. The entry of the nunc pro tunc judgment was proper. Wagley v. Wagley, Tex.Civ.App., 230 S.W. 493, 496; Jones v. Sun Oil Co., Tex.Civ.App., 145 S.W.2d 615, reversed on other grounds, 137 Tex. 353, 153 S.W.2d 571; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579.

These proceedings originated in the county court under Chapter 12 of the statutes regulating Guardians and Wards, and sought the appointment of a guardian for Janie Barr. The provisions of Chapter 12, as well as Chapter 3, Title 69, Guardian and Ward, R. C. S., have as their primary purpose the appointment of a guardian for persons found to be of unsound mind. Arts. 4267, 4272, 4274, 4275, 4276, 4277, 4283, 4284, Vernon's Ann.Civ.Stats. Contra dicta, Craycroft v. Craycroft, Tex.Civ.App., 250 S.W.2d 458. There were no proceedings under, and this case is not governed by, the provisions of Title 92, Proceedings in Cases of Lunacy. Arts. 5550, 5561a, Vernon's Ann.Civ.Stats. No attempt was made to obtain a commitment, but only to have a guardian appointed. In the county court trial, a jury found the defendant was of unsound mind and the court appointed a guardian. Appellant then filed a motion to vacate the lunacy and guardianship proceedings, and from an order denying that relief appellant perfected an appeal to the district court. In the district court the guardian for Janie Barr filed a motion for summary judgment with an affidavit attached. Those instruments stated the history of the county court proceedings and the power of that court to enter its nunc pro tunc judgment. The reply to the motion for summary judgment asserted various errors in the proceedings in the county court and re-urged that the county court was powerless to enter its nunc pro tunc judgment. The reply, however, also states that there are disputed fact issues in a de novo trial on appeal in a guardianship proceeding. The district court made findings with reference to the nunc pro tunc judgment by the county court and concluded that such judgment was within the power of the county judge. By reason of that conclusion, the district court then granted the motion for summary judgment. The result of the district court's order granting the summary judgment is to affirm the action of the county court in granting a nunc pro tunc judgment, but it wholly failed to consider the basic fact issue about mental unsoundness, which was presented anew in a trial de novo.

An appeal from the appointment of a guardian upon a jury finding of mental unsoundness is governed by the statutes relating to guardianship of persons and estates of minors. Art. 4274, R.C.S.; Pure Oil Co. v. Clark, Tex.Com.App., 56 S.W.2d 850. Some precedents have sought to draw a distinction between the provisions of Chapter 3 and Chapter 12, Title 69, Guardian & Ward, by stating that the former chapter concerns guardianship, while the latter is in the nature of a criminal proceeding. Craycroft v. Craycroft, Tex.Civ. App., 250 S.W.2d 458; Story v. Story, Tex. Civ.App., 105 S.W.2d 370. This is not a valid distinction, because Chapter 12, while authorizing restraint in certain instances, also provides for a guardianship proceeding. Arts. 4267, 4272, 4275, 4276, 4277, 4283, 4284, Vernon's Ann.Civ.Stats. We think Pure Oil Co. v. Clark, Tex.Com.App., 56 S.W.2d 850, 851, settles the point that proceedings under Chapter 12 are in the nature of guardianship proceedings. See also, Warrick v. Moore County, Tex.Civ.App., 291 S.W. 950, 955. The Pure Oil Company case discusses and holds that Chapter 12 of Title 69 relates to guardianship proceedings and then expressly distinguishes between such proceedings and commitment proceedings under Title 92, Judicial Proceedings in Cases of Lunacy, Art. 5547 et seq., R.C.S., saying:

"The distinction between a trial where the question of insanity alone is merely incident to the commitment to an asylum and a trial where the adjudication of insanity is incident to the appointment of a guardian is that the latter trial partakes of the nature of a guardianship proceeding over which the district court has jurisdiction by express provision of the statute (articles 4318 and 4103) and by constitutional provision (article 5, § 8 [Vernon's Ann.St.])."

Story v. Story, Tex.Civ.App., 105 S.W.2d 370, by dicta, cites the Pure Oil Company case and the portion above quoted to prove that Chapter 12, Title 69, is not a probate or guardianship proceeding, the exact opposite conclusion of the authority relied upon. The Pure Oil Company case, in holding that Chapter 12, Title 69, provides a form of guardianship proceeding, contrasts those provisions with Title 92. The Story case uses the words of that contrast to distinguish Chapter 3 from Chapter 12 of Title 69, but wholly ignores Title 92, which is the distinction made by the Pure Oil Company case.

The appeal in guardianship proceedings is to the district court. Art. 4318; Burnett v. Tipton, Tex.Civ.App., 89 S.W.2d 440, 443; contra, Leonard v. Dallas County, Tex.Civ.App., 292 S.W. 249, and the trial in the district court of a guardianship case is de novo. Rule 342, Texas Rules of Civil Procedure. On a trial de novo the issue, as in the county court, was "whether such person is of unsound mind, or is an habitual drunkard." Art. 4270, Vernon's Ann.Civ.Stats. That this is the true issue is stated in Pure Oil Co. v. Clark, supra, by citing from Warrick v. Moore County, Tex. Civ.App., 291 S.W. 950, 955, which says: "The question as to whether a party is of unsound mind is a jurisdictional fact, to be ascertained before such guardian can be appointed, and the order appointing such guardian is based solely upon the ascertained fact of unsoundness of mind." As stated in 21 Tex.Jur., Guardian and Ward, § 108, "The effect of an appeal, therefore, is to bring into the appellate court the whole case and all parties who were concerned in the probate court."

In the summary judgment proceeding, there is a complete absence of showing that Janie Barr is a person of unsound mind.

The judgment is reversed and the cause remanded to the district court.