**McGINNIS et al.**

v.

**McGINNIS.**

No. 12664.

Court of Civil Appeals of Texas.

San Antonio.

March 31, 1954.

Rehearing Denied April 28, 1954.

Claud J. Carter and Arnold & Cozby, San Antonio, for appellants.

Russell B. Wine and John M. Bayne, San Antonio, for appellee.

POPE, Justice.

The sole point in this case is one of parties. The trial court sustained an unsworn plea in abatement to appellant's right to bring suit and dismissed the case without hearing evidence. The case originated as a lunacy proceeding wherein the county court appointed a guardian for the estate and person of Janie Barr, an aged lady, who was found to be a person of unsound mind. Appellant thereafter instituted a statutory bill of review in the county court seeking a revision and correction of the county court's judgment of Janie Barr's lunacy. Art. 4328, Vernon's Ann.Civ.Stats. The case was previously appealed to this Court and we reversed the district court's summary judgment that Janie Barr was a person of unsound mind. We reversed because there was no showing on the summary judgment hearing that she was of unsound mind. McGinnis v. McGinnis, Tex.Civ.App., 257 S.W.2d 786. We there stated that the soundness of Janie Barr's mind was the issue in the case and that it was not yet determined. The case is before

us again and that issue is still undetermined and we reverse the case again.

After our remand, appellee, as guardian of the estate and person of Janie Barr, urged an unsworn plea in abatement which challenged the right of appellant to file the bill of review. To understand this case, we must carefully distinguish the exact nature of the objection to parties made by the appellee guardian. The objection is not that William L. McGinnis failed to bring suit as next friend for Janie Barr. The objection is that a next friend for Janie Barr cannot bring suit because she has a guardian.

 There can be no question that appellant as next friend was a party, for four reasons: First, after appellant, individually, filed the bill of review in the county court, the guardian raised the point by challenging his right, and asserted that he was a stranger to the proceedings. Two days after the point was raised by the guardian's pleading, the appellant filed a new pleading to meet the objection, and in the new pleading he alleged that he brought the suit for himself "as well as for the benefit of the said Jannie Barr and her estate." The objection as to parties was fully met. Having met the objection and having appeared as an individual and also on behalf of Janie Barr, no further objection to parties was made nor asserted in the county court. Second, the plea in abatement that was later filed in the district court is an admission on its face that appellant brought the suit in a representative capacity. The plea in abatement consists of two sentences. The first sentence states what person the plea seeks to strike from the suit. The plea seeks to abate pleadings filed "by William L. McGinnis, individually and as next friend of Jannie Barr." It would seem that nothing more would be necessary to convince us that the suit was brought by William L. McGinnis in a dual capacity, one of which was as next friend. At least the appellee guardian so construed the pleadings. Third, this case has once been before this Court on appeal. There was no challenge of the appellant's right to sue, and under the law of the case, we are of the opinion, it is now too late to raise the point. See Home Benefit Ass'n v. Robbins, Tex.Civ. App., 34 S.W.2d 329; 3-B Texas Jur., Appeal and Error, § 1120; 3 Am.Jur., Appeal and Error, § 993. Fourth, Rule 93(b) states that a plea urging the lack of capacity to sue is waived unless it is a sworn plea. The rule has repeatedly been applied in cases where the party sues as next friend or in a representative capacity. Smith v. Moseley, 74 Tex. 631, 12 S.W. 748; Smith v. Wingate, 61 Tex. 54; Menczer v. Ft. Worth Nat. Bank, Tex.Civ.App., 149 S.W.2d 200; Commercial Standard Ins. Co. v. Nelson Mortgage Co., Tex.Civ.App., 138 S.W.2d 169.

Originally the bill of review was filed by two persons, both of whom acted individually and in a representative capacity, but one of them died after the appeal to the district court. After our former reversal, the death was called to the attention of the district court, and the trial court granted leave to William L. McGinnis to file an amended bill of review. The amendment explicitly stated that it was filed "in his own behalf and also in behalf of Jannie Barr and her Estate as Next Friend." Except for the words "as Next Friend," the parties to the suit in the county court were named in the same manner—individually and in a representative capacity. Hence, the bill of review was brought by William L. McGinnis, not only as an individual, but also in a representative capacity as next friend.

For clarity, we repeat, the point in this case is not whether the bill was brought by a next friend; the only point raised by the plea in abatement is whether a next friend can bring such a suit. The sole and only ground asserted in the plea to abate, and the sole and only ground upon which the district court could have acted is the contention that neither William L. McGinnis, as an individual, nor William L. McGinnis, as next friend of Janie Barr's estate and person is "any person interested in the proceedings." Article 4328 limits the parties in a bill of review such as this to "any person interested".

William L. McGinnis as a mere individual, is not an interested person and has no justiciable interest. Gulf C. & S. F. R. Co. v. Lester, Tex.Civ.App., 149 S.W. 841. That has been decided in other cases. Craycroft v. Craycroft, Tex.Civ.App., 250 S.W.2d 458; Persky v. Greever, Tex.Civ. App., 202 S.W.2d 303. The two cited cases were not "next friend" cases.

■ William L. McGinnis, the individual, is not the same party as William L. McGinnis, the next friend of Janie Barr's estate and person. That William L. McGinnis, individually, has no standing in court should not blind us to the fact that Janie Barr is the other party and the real party. See Jones v. Eastham, Tex.Civ. App., 36 S.W.2d 538, 541. In a suit by a next friend for an incompetent, the incompetent is the real party. Safeway Stores, Inc., of Texas v. Rutherford, 130 Tex. 465, 111 S.W.2d 688; Eversole v. Theimer, Tex. Civ.App., 256 S.W.2d 927; Smith v. Thornhill, Tex.Civ.App., 12 S.W.2d 625, affirmed Tex.Com.App., 25 S.W.2d 597. "The claim is usually stated in the name of the incompetent, suing 'by and through' his named next friend; but a precise compliance is not essential provided the allegations reveal clearly 'that the action is based on the right of the incompetent; that the relief sought is such as he alone would be entitled to * * * and is sought for his benefit.'" 1 McDonald, Texas Civil Practice, § 3.09.

■ It is not necessary that one be non compos mentis or insane to be represented by a next friend. It is enough that he is, "by reason of mental or bodily infirmity, incapable of properly caring for his own interests in the litigation". Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750, 752; Home Benefit Ass'n v. Robbins, Tex.Civ. App., 34 S.W.2d 329; 1 McDonald, Texas Civil Practice, § 3.09.

■ Janie Barr is the real party to this suit, and she appeared through her next friend. The only issue in this suit is the sanity of Janie Barr. McGinnis v. McGinnis, Tex.Civ.App., 257 S.W.2d 786. The order sustaining the plea in abatement is reduced to the proposition that Janie Barr is not interested in a case in which her own sanity is at issue. That is not the law, but that result has been achieved through losing sight of the true party and the true issue.

We must take the allegations of Janie Barr's pleading as true, since there was a judgment of dismissal and no evidence was heard. Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816; Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571; Johnston v. Stephens, 121 Tex. 374, 49 S.W.2d 431. When we do that, we find that the facts are that Janie Barr is an eighty-year-old lady, ill and weak, but sound of mind now, as she has been at all times in the past. Despite that condition, a guardian has taken possession, control and dominion over her estate, is preventing her friends and relatives from visiting her, and wasting the assets of the estate against Janie Barr's best interests. Appellee seeks to overcome the force of these pleadings by insisting that the next friend is disqualified by reason of another lawsuit instituted by the guardian against him individually. If that be a fact, it was not asserted in the plea in abatement. It was not proved. Looking to the appellant's pleadings, it is not present. Assertions in the briefs are not proof.

Rule 44, T.R.C.P., is the basis for the trial court's judgment that Janie Barr may not appear through a next friend. That rule states that minors, lunatics, idiots, or persons non compos mentis, who have no legal guardian, may sue and be represented by "next friend" under certain stated circumstances. From that rule it is reasoned that one who has a guardian can not sue nor appear by next friend. In the management of the affairs of such persons, of course, the legal guardian is the one who should speak on behalf of the ward. In suits and claims by and against the ward the legal guardian should act for the ward. But this suit concerns whether there is a "legal guardian." The effect of the construction of the rule given by the trial court is that once a county court has appointed a guardian, there is nobody who can question

the appointment, even by appeal or direct proceeding. The ward could not, because a guardian is appointed. It could not be questioned by appeal even from the county court's judgment, as is evidenced by this very suit. It could not be questioned in the case of a sound healthy person, who has been completely restored, if the guardian took an adverse view. It means that once insane, always insane, and nobody can be heard to say otherwise.

We cited two cases in our former opinion which should also control the judgment here. Warrick v. Moore County, Tex.Civ. App., 291 S.W. 950, holds that a ward is an interested party who may appeal, and in this case the ward is Janie Barr. In Pure Oil Co. v. Clark, Tex.Com.App., 56 S.W.2d 850, one Cone Johnson Clark had been adjudged a person of unsound mind. He "joined by his next friend and his guardian ad litem," instituted a proceeding in the same court which had rendered the lunacy judgment, to set the same aside as a void judgment. That was a case as we have here. The real party at interest was the ward, and the ward appeared by next friend in a suit against a guardian. Mealy v. Lipp, 16 Tex.Civ.App. 163, 40 S.W. 824, affirmed 91 Tex. 182, 42 S.W. 544. A ward is not a stranger to the guardianship proceeding.

■ A judgment of dismissal is not the correct judgment, even assuming the next friend's interests are antagonistic to those of Janie Barr. As stated in 1 McDonald, Texas Civil Practice, § 3.09, " * * * the court may at any time remove one as next friend and substitute another as next friend or guardian ad litem if he believes that thereby the minor's interests will be better protected." Lindly v. Lindly, Tex.Civ. App., 109 S.W. 467, affirmed 102 Tex. 135, 113 S.W. 750; Missouri-Kansas-Texas R. Co. of Texas v. Pluto, 138 Tex. 1, 156 S.W. 2d 265; Martin v. Weyman, 26 Tex. 460; Henderson v. Shell Oil Co., Tex.Civ.App., 179 S.W.2d 386; Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ.App., 138 S.W.2d 626.

There should be no question of our jurisdiction over this case, since it has been be-

fore us on a prior appeal. Vol. 3, American Jurisprudence, Appeal and Error, § 998, tersely states:

"Jurisdiction.—In accordance with the general rule of the law of the case, the decision on the prior appeal is conclusive on the second appeal both as to the jurisdiction of the trial court and as to that of the appellate court on the prior appeal. On the second appeal, the decision of the appellate court, arising merely from its assuming jurisdiction of the appeal, is conclusive that the order appealed from was appealable and that the court had jurisdiction of the appeal; and, as has been said, to permit afterwards, upon an appeal from proceedings upon the mandate of the appellate court, a suggestion of the want of jurisdiction in the appellate court upon the first appeal as a sufficient cause for re-examining the judgment would certainly be a novelty in practice."

The judgment is affirmed as to William L. McGinnis, individually. The judgment is again reversed insofar as there was a dismissal as to William L. McGinnis as next friend. The cause is remanded to determine as a fact whether the next friend holds interests antagonistic to Janie Barr, and if so the court should name a suitable next friend. The cause is remanded, as before, to determine the soundness of Janie Barr's mind.

Reversed and remanded with instructions.

W. O. MURRAY, Chief Justice (dissenting).

I do not concur in the opinion of the majority. We have before us not only the record on this appeal but also the record on a former appeal of this same case, of which we should take judicial notice, and from these two records, in my opinion, the following undisputed facts appear:

On July 19, 1951, Owen E. Caldcleugh filed an affidavit in the County Court of

Bexar County, in Cause No. 75260, alleging that Janie Barr was a person of unsound mind.

On July 23, 1951, a hearing was had and a jury found that Janie Barr was of unsound mind. This verdict was received and noted, but no judgment was spread upon the minutes of the County Court decreeing Janie Barr to be a person of unsound mind.

On August 13, 1951, Owen E. Caldcleugh filed in the County Court, in Cause No. 75453, an application to have Mrs. Gladys McGinnis appointed guardian of the person and estate of Janie Barr, a person of unsound mind, and attached affidavits of C. L. McGinnis and O. P. McGinnis to such applications, waving their rights to be appointed guardian of Janie Barr, they being her next of kin, in favor of Mrs. Gladys McGinnis.

On August 28, 1951, Gladys McGinnis was appointed guardian of the person and estate of Janie Barr, non compos mentis, and duly qualified as such guardian.

On October 25, 1951, Gladys McGinnis as guardian of the estate of Janie Barr, N. C. M., filed a suit in the 57th District Court of Bexar County against C. L. McGinnis and William L. McGinnis, in Cause No. F–68803 on the docket of that court, to recover the sum of $10,000 from the defendants.

On January 9, 1952, C. L. McGinnis, William L. McGinnis and Janie Barr, describing themselves as petitioners, filed a motion in Cause No. 75453, being the guardianship proceedings in the County Court, asking that the entire guardianship proceedings be set aside because no judgment had been rendered in the lunacy proceedings. In this motion there was an allegation as follows: "Petitioners are blood relatives and next of kin to the said Jannie Barr, she being the sister of C. L. McGinnis and the Aunt of William L. McGinnis, and petitioners as next of kin of the said Jannie Barr are interested in her welfare and they bring this action for themselves as well as for the benefit of the said Jannie Barr and her estate." They did not state in what capacity they were attempting to represent Janie Barr, nor did they ask leave of the court to represent her as "Next Friend," under the provisions of Rule 44, T.R.C.P. They did not ask to be appointed guardian ad litem of her under the provisions of Rule 173, T.R.C.P.

On the 30th day of January, 1952, a motion for judgment nunc pro tunc was filed asking the court to enter judgment in Cause No. 75260, in keeping with the verdict of the jury finding Janie Barr to be a person of unsound mind.

By agreement of the parties, the County Court considered these two motions together and on February 14, 1952, granted the motion for judgment in Cause No. 75260, and denied the motion of petitioners to set aside the guardianship proceedings in Cause No. 75453, from which action of the court petitioners C. L. McGinnis and William L. McGinnis, without mentioning any representative capacity, gave notice of appeal to the 37th District Court of Bexar County. Janie Barr, though one of the petitioners, gave no notice of appeal.

On April 29, 1952, Gladys McGinnis as guardian of the estate of Janie Barr filed in the District Court a motion for summary judgment, which motion was granted on August 21, 1952, from which judgment an appeal was taken to this court by Mary E. McGinnis, independent executrix of the estate of C. Lee McGinnis, deceased, and William L. McGinnis.

On April 22, 1953, this Court reversed the judgment of the district court and remanded the cause to that court. McGinnis v. McGinnis, 257 S.W.2d 786.

On June 26, 1953, a suggestion was filed in the district court that C. Lee McGinnis had died on October 7, 1952.

On September 10, 1953, William L. McGinnis filed in the district court what he termed his "First Amended Original Petition," in which for the first time he described himself as "Next Friend" of Janie Barr.

On September 16, 1953, Gladys McGinnis, guardian of the person and estate of Janie

Barr, filed a motion to strike the pleading filed on September 10, 1953, by William L. McGinnis, and to dismiss the appeal because it was not taken by a person interested in the matter, as required by Art. 4328, Vernon's Ann.Civ.Stats.

On October 6, 1953, the district court granted the above motion and dismissed the appeal, to which action of the court William L. McGinnis, again not describing himself as acting on behalf of any one else, gave notice of appeal to this Court. In executing the appeal bond he described himself as "Signing individually and as next friend of Jannie Barr and in her behalf." Mary E. McGinnis, as independent executrix of the estate of C. Lee McGinnis, deceased, did not attempt to join in this appeal.

The correctness of the action of the trial judge in dismissing the appeal depends upon whether or not C. Lee McGinnis and William L. McGinnis, either or both, were persons aggrieved by the judgment of the County Court and therefore entitled to prosecute the appeal to the District Court without bond, as is provided by Article 4328, supra.

I think it is clear that neither C. Lee nor William L. McGinnis, acting individually, was a person aggrieved by the judgment of the County Court and entitled to prosecute the appeal to the District Court under the provisions of said Art. 4328, supra. C. Lee McGinnis, if he had not waived his right to be appointed guardian as next of kin, might have had a right to maintain this appeal on the ground that he was entitled to be appointed guardian of the estate of Janie Barr, n. c. m. Pruett v. Hamilton, Tex.Civ. App., 263 S.W.2d 193. This was a right personal to him and it was ended by his death if not by his waiver. William L. McGinnis, the only appellant before us at this time, was not the next of kin, Janie Barr having another brother living, and William L. McGinnis was not entitled to be appointed guardian, nor does he here make such a contention. Craycroft v. Craycroft, 250 S. W.2d 458; Persky v. Greever, 202 S.W.2d 303.

Neither does the undisputed fact that C. Lee McGinnis and William L. McGinnis were being sued for a large sum of money by Gladys McGinnis, as guardian of the person and estate of Janie Barr, render them persons aggrieved by the judgment appointing her as such guardian. Craycroft v. Craycroft, supra; Persky v. Greever, supra.

This leaves the remaining question as to whether the fact that appellants asserted that they were suing as "next friend" of Janie Barr entitled them to maintain this appeal.

Gladys McGinnis had been appointed guardian of the person and estate of Janie Barr and, no appeal having been taken, had qualified and been so acting for several months when appellants, together with Janie Barr, filed their bill of review to set aside her appointment. Under the record we have appellants claiming to act as "next friend" of Janie Barr, although she had joined individually as one of the petitioners. If it be conceded that they were attempting to act as "next friend" of Janie Barr in the county court, still they should not be permitted to maintain this appeal. The only authority for acting in the capacity of next friend is provided by Rule 44, T.R.C.P., reading as follows:

"Minors, lunatics, idiots, or persons non compos mentis *who have no legal guardian* may sue and be represented by 'next friend' under the following rules: (Emphasis mine.)

"(1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof when required.

"(2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit."

That part of Art. 1994, Vernon's Ann.Civ. Stats., which was not repealed by the provisions of Rule 44, supra, relates to suits by next friend, but has no application here.

It will readily be seen that only where a person has no guardian may he sue by next friend. Pruett v. Hamilton, 263 S.W.2d 193; Rule 44, supra.

Appellant might have applied to the court to have been appointed guardian ad litem under Rule 173, T.R.C.P., but this he did not do, nor does he even purport to act as a guardian ad litem.

In Henderson v. Applegate, Tex.Civ.App., 203 S.W.2d 548, 552, the Court said:

"Since Rule 173, T.R.C.P., is the only provision of our law authorizing the appointment of guardians ad litem and then only for a defendant when he is one of a class named therein, such rule does not apply to purely probate proceedings not falling within one of the exceptions enumerated in Rule 2, T.R.C.P."

Not only do our Rules of Civil Procedure not authorize a person to sue as next friend of an insane person or to act as his guardian ad litem in probate proceedings, where he has a legally appointed guardian, but such rule by necessary implication prohibits persons from so suing.

It might be argued that in an extreme case one should be permitted to sue as "next friend" as a matter of necessity, even though the Rules of Civil Procedure are to the contrary. If this be true, then it should be permitted only after leave of the court is applied for and has been granted. Otherwise great confusion could result from first one person and then another summarily superseding the authority of the legally appointed guardian and taking over his duty to represent the ward in all litigation. Here no leave of the court was asked or given to the alleged "next friend" of the ward. It is significant in the case at bar that when appellant first asserted that he was suing as "next friend" of the ward his appeal was immediately dismissed by the trial court.

Especially is this true where the person who attempts to seize control of the ward's estate and take away from the legally appointed guardian his duty to represent the ward in all litigation, is a person being sued by the ward and therefore disqualified to act for such ward, as is provided by Art. 4122, § 5, Vernon's Ann.Civ.Stats.

Appellant seems to rely heavily upon the cases of Lindly v. Lindly, Tex.Civ.App., 109 S.W. 467, and Home Benefit Association v. Robbins, Tex.Civ.App., 34 S.W.2d 329. These cases are not in point as they are cases in which the insane person did not have a legally appointed guardian and, of course, under such circumstance suit by next friend is authorized by the provisions of Rule 44, T.R.C.P.

I respectfully dissent from the opinion of the majority.