**Motion for Rehearing Granted, Memorandum Opinion filed January 3, 2013, Withdrawn, Appeal Reinstated, Majority Order and Dissent To Order filed March 21, 2013.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00627-CV

————————

## ROBERT H. BURROUGHS, Appellant

### v.

## GARY BURROUGHS, Appellee[1]

---

### On Appeal from Probate Court No. 4
### Harris County, Texas
### Trial Court Cause No. 396,576-401

---

## DISSENT TO ORDER

Robert H. Burroughs perfected appeal from the trial court's judgment in his capacity as independent executor of the Estate of Lillie A. Burroughs but not in his

---

[1] The court changes the style in this appeal based upon its conclusion that Robert H. Burroughs perfected appeal in his individual capacity. Even if Robert H. Burroughs had perfected appeal in his individual capacity, he also perfected appeal as Independent Executor of the Estate of Lillie A. Burroughs, and his subsequent removal as independent executor does not mean that this capacity should not be reflected in the style of the case, even if he no longer has standing to appeal as independent executor. Thus, the proper style for this appeal under the majority's ruling is "Robert H. Burroughs, Individually and as Independent Executor of the Estate of Lillie A. Burroughs, Appellant v. Gary Burroughs, Appellee."

individual capacity. After Robert was removed as independent executor, this court gave him notice and an opportunity to amend the notice of appeal to reflect that he wished to appeal in his individual capacity. After Robert failed to amend the notice of appeal, this court issued an opinion dismissing the appeal. Robert still has not amended the notice of appeal, but he has filed a motion for rehearing, in which he argues that he perfected appeal in his individual capacity. This argument lacks merit, and the rehearing motion should be denied.

**Robert perfected appeal only in his capacity as independent executor.**

The trial court rendered judgment against Robert in his capacity as independent executor of the Estate of Lillie A. Burroughs and in his individual capacity. Appellant "Robert H. Burroughs, as Independent Executor of the Estate of Lillie A. Burroughs, party to this case" timely filed a notice of appeal from this judgment in June 2012.

Robert did not file an appeal in his individual capacity; rather, he expressly identified the appellant as "Robert H. Burroughs, as Independent Executor of the Estate of Lillie A. Burroughs, party to this case." Nothing in the notice of appeal reflects that Robert is appealing in his individual capacity. Robert asserts that the words "party to this case" show that he is appealing in his individual capacity. But Robert was a party to the case in his capacity as independent executor, and "party to this case," as used in the notice of appeal, modifies "Robert H. Burroughs, as Independent Executor of the Estate of Lillie A. Burroughs." Thus, even under a liberal construction, this language does not reflect that Robert is appealing in his individual capacity.[2]

---

[2] *See Elizondo v. Texas Natural Resource Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App.—Austin 1998, no pet.) (holding that, based upon language in notice of appeal, natural person appealed in her individual capacity but not in her capacity as representative of certain heirs).

Individual capacity differs from other capacities.[3]  Robert H. Burroughs in his capacity as independent executor of the Estate of Lillie A. Burroughs is, in law, not the same person as Robert H. Burroughs in his individual capacity.[4]  A natural person who sues or is sued in his representative capacity is regarded as a legal person distinct from the same natural person in his individual capacity and is a stranger to his rights or liabilities as an individual.[5]

To interpret the words "party to this case" to mean Robert was appealing both in his capacity as independent executor and in his individual capacity would require both the setting aside of fundamental rules of syntax and the insertion of additional words that would change the meaning of the words used.  This court should not change the meaning of the words under the guise of liberal construction.

**Robert has taken no action to amend his notice of appeal to reflect an appeal in his individual capacity.**

Two months after Robert, as independent executor, filed the notice of appeal, the probate court removed Robert as the independent executor of the estate.  Appellee Gary Burroughs then moved to dismiss this entire appeal, asserting that

---

[3] *See Elizondo*, 974 S.W.2d at 931.

[4] *See id.*

[5] *See Alexander v. Todman*, 361 F.2d 744, 746 (3d Cir. 1966); *Elizondo*, 974 S.W.2d at 931; *Pryor v. Krause*, 168 S.W. 498, 503 (Tex. Civ. App.—El Paso 1914, writ ref'd) (noting that "an executor in his individual capacity is a stranger to the estate").  *Accord Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543–44 & n. 6, 106 S.Ct. 1326, 1332–33 & n. 6, 89 L.Ed.2d 501 (1986) ("The fact that Mr. Youngman was sued in his official capacity does not give him standing to appeal in his individual capacity. Acts performed by the same person in two different capacities 'are generally treated as the transactions of two different legal personages.'"); *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir.1995) ("Where a party sues or is sued in a representative capacity, however, its legal status is regarded as distinct from its position when it operates in an individual capacity"); *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 595 (7th Cir.1990) ("In the eyes of the law a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity"); *McGinnis v. McGinnis*, 267 S.W.2d 432, 435 (Tex. Civ. App.—San Antonio 1954, no writ) ("William L. McGinnis, the individual, is not the same party as William L. McGinnis, the next friend of Janie Barr's estate and person").

Robert appealed only in his capacity as independent executor and that Robert no longer had standing to appeal in this capacity because he was no longer independent executor. On November 16, 2012, this court sent a letter to the parties noting that Robert did not appeal in his individual capacity and giving Robert an opportunity to amend the notice of appeal to reflect that he was appealing in his individual capacity.

Despite this notice and an opportunity to amend the notice of appeal, Robert failed to amend the notice of appeal. Accordingly, this court issued an opinion holding that Robert lacked standing to appeal as independent executor, noting that Robert had not amended the notice of appeal to reflect that he was appealing in his individual capacity, and dismissing the appeal. Even at this late juncture, Robert still has taken no action to amend the notice of appeal. Instead, Robert has filed a motion for rehearing in which he argues that he perfected appeal in his individual capacity in the notice of appeal. In the motion, Robert provides no explanation for his failure to amend the notice of appeal. No appellant's brief has been filed in this appeal, so Robert has been free to amend the notice of appeal without leave of court.[6] Nonetheless, Robert has taken no action to amend the notice of appeal to reflect that he is appealing in his individual capacity.

Under the rules, a notice of appeal may be amended to correct a defect or omission.[7] If a party elects not to amend the notice of appeal to show that he is appealing in a capacity not reflected in that notice, then the court should presume the party does not intend to appeal in this capacity. The answer is not for this court to construe the notice of appeal to say something it does not say; the answer is to give an

---

[6] *See* Tex. R. App. P. 25.1(g).
[7] *See id.*

4

opportunity to amend the notice of appeal.[8]  But, if the appeal is not amended, then this court should dismiss the appeal.[9]

This is not a case of an uninformed party neglecting to take action.  This is a case of a party choosing to take no action in the face of multiple communications identifying the problem and the need for action.  Because Robert did not appeal in his individual capacity and because he has not amended the notice of appeal despite notice and ample opportunity to do so, this court should deny the motion for rehearing.[10]  Because the court instead grants the motion for rehearing, I respectfully dissent.

/s/      Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., order)
Publish

---

[8] *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994).
[9] *See Nguyen v. Discover Bank*, No. 14-07-00519-CV, 2007 WL 2330923, at *1 (Tex. App.—Houston [14th Dist.] Aug. 16, 2007, no pet.) (dismissing appeal because notice of appeal was defective and because appellant declined to amend the notice of appeal to cure the defects despite notice from the court and an opportunity to do so) (mem. op., per curiam).
[10] *See id.*